(101 So. 763)

## BLANKENSHIP v. LANIER. (5 Div. 897.)

(Supreme Court of Alabama.   Oct. 23, 1924.)

**1. Pleading ⬧290(3)—Plea that allegations of complaint are untrue is plea of general issue, and need not be verified.**

Plea that allegations of complaint are untrue, even in action on written contract, is plea of general issue merely, does not put in issue execution of instrument sued on, and need not be verified.

**2. Covenants ⬧127(4)—Measure of damages against covenantor against incumbrances for prior conveyance of right to cut saw timber on part of land stated.**

In general, when there is no failure of title to any part of land, but incumbrance exists on part created by prior conveyance of right to enter and cut "saw timber," measure of damage against covenantor against incumbrances is diminished- value of entire tract, not exceeding entire purchase money paid with interest.

**3. Covenants ⬧96(1) — When "covenant against incumbrances" is broken as soon as made stated.**

Covenant against incumbrances is covenant in præsenti and is broken as soon as made. if there is outstanding paramount title, or any existing charge, burden, or interest diminishing value of enjoyment of land.

**4. Covenants ⬧127(2)—When covenantee can recover only nominal damages for breach of covenant against incumbrances stated.**

When covenantor against incumbrances acquires paramount title inuring to covenantee's benefit before action is brought for breach of covenant, or where incumbrance is removed by. covenantor, or terminated by its own limitations or operation of law, covenantee can recover only nominal damages for breach.

**5. Damages ⬧23—Loss or deprivation from special circumstances, known to parties, caused by breach, held recoverable, if reliable basis for estimation in money.**

Loss or deprivation from special circumstances, known to parties, caused by breach by one which will probably deprive the other of some special benefit or advantage contemplated at time of execution, though collateral in character, and not ordinarily compensable, may be recovered in damages, but there must be reliable basis for approximately accurate estimate in money of amount of damages suffered.

**6. Damages ⬧40(2)—Profits of collateral enterprises or subcontracts in general not recoverable, in action on primary contract; exception stated.**

In actions for breach of primary contracts, gains or profits of collateral enterprises or subcontracts are, in general, too speculative and contingent to afford elements of recovery; loss of profits from destruction or interruption of established business possibly excepted.

**7. Covenants ⬧127(2)—Grantee held entitled to nominal damages only for breach of covenant against incumbrances.**

Grantee, desisting from cutting timber on land because of assertion by prior incumbrances of right thereto. never exercised and allowed to expire, could recover from his grantor, in action for breach of covenant against incumbrances, only nominal damages, though he informed grantor before buying that he was purchasing for purpose of immediately manufacturing timber into lumber.

**8. Pleading ⬧364(6) — Portion of complaint for breach of covenant against incumbrances held properly stricken.**

In grantee's action for breach of covenant against incumbrances, portion of complaint alleging land was heavily timbered, and that defendant was informed that plaintiff was buying to immediately manufacture timber or sell it, and was deprived of right until expiration of paramount outstanding right, *held* properly stricken for failure to allege resulting damage and claim for damages therefor, being mere surplusage as applied to recovery of special damages.

**9. Damages ⬧142—Special damages must be specifically averred.**

Special damages must be specifically averred, and averments showing mere enforced delay in contemplated action, with no suggestion of resulting damage, will not authorize either proof or recovery thereof.

**10. Covenants ⬧127(2)—Evidence of difference in value of land with and without incumbrance held properly excluded, in action for breach of covenant against incumbrances.**

In action for breach of covenant against incumbrances, because of assertion by prior incumbrancer of paramount title to cut timber, never exercised and allowed to expire, evidence of difference in value of land with and without incumbrance was properly excluded, since only nominal damages were recoverable.

Appeal from Circuit Court, Elmore County; Walter B. Jones, Judge.

Action by C. J. Blankenship against J. L. Lanier. Judgment for defendant, and plaintiff appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

The action is for damages for breach of a covenant of warranty in a deed executed by defendant to plaintiff on June 16, 1919, conveying to him 113½ acres of land; the covenant being that the lands conveyed were free from all incumbrances.

The complaint is in two counts. Count 1. avers for breach that at the time of the execution of said deed the lands were subject to an incumbrance in favor of one M. O. Barker, whereby, for a valuable consideration, defendant granted and conveyed to him, on September 17, 1917, the right to cut at any time before September 1, 1920, all timber measuring 10 inches in diameter, 3 feet

⬧For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

from the ground, except cedar and timber unfit for lumber. Count 2 is the same as count 1, and adds the following claim for special damages:

"The plaintiff avers that the land * * * was heavily timbered, and was chiefly valuable for the timber thereon; that at the time the plaintiff contracted with the defendant for the purchase of said land and the execution of said deed the plaintiff informed the defendant that he was buying said land for the immediate manufacture of said timber into lumber, or the immediate disposition of the timber thereon; and plaintiff avers that, as a direct and proximate consequence of the breach of said warranty against the incumbrance as aforesaid, the plaintiff was deprived of the right to manufacture said timber until the expiration of the said right of M. O. Barker therein, and was unable to manufacture the timber, or unable to dispose of the same for its value."

On motion of defendant, all of this part of count 2 was stricken from the complaint.

Defendant pleaded the general issue, to which plaintiff demurred, on the ground that it denied the execution of a written instrument, the foundation of the suit, and was not verified by oath. The demurrer being overruled, the case was submitted to the jury on the plea of the general issue.

The testimony for plaintiff tended to show that Barker, the prior grantee of the timber, notified plaintiff of his claim, and warned him not to cut it; that Barker never did cut any of the timber himself; and that all of it remained on the land after Barker's right to cut it had expired, but that plaintiff was prevented from cutting and using it by Barker's outstanding prior claim.

There was verdict for the plaintiff, assessing his damages at 1 cent, which was set aside by the court and the suit dismissed, upon the motion of defendant, on the ground that the recovery was less than $50. The plaintiff appeals, assigning as error the matters treated in the opinion.

Tate & Reneau, of Wetumpka, for appellant.

A covenant against incumbrances is one in præsenti, broken when made, if there is an outstanding incumbrance. Brodie v. New Eng. Mtg. Co., 166 Ala. 172, 51 So. 861; Tuskegee L. & S. Co. v. Birmingham R. Co., 161 Ala. 542, 49 So. 378, 23 L. R. A. (N. S.) 992. The averments of special damages in count 2 were erroneously stricken. 11 Cyc. 1165; Batchelder v. Sturgis, 3 Cush. (Mass.) 201; Frazer v. Bentel, 161 Cal. 390, 119 P. 509, Ann. Cas. 1913B, 1062. Plaintiff should have been permitted to offer in evidence as the measure of damages the difference in the value of the land with the incumbrance and without it, and it was error for the court to charge that plaintiff was entitled to recover only nominal damages. Clark v. Zeigler, 79 Ala. 346; Id., 85 Ala. 154, 4 So. 669. The

loss of profits from the contemplated manufacture and sale of timber constituted a recoverable element of damages. Hadley v. Baxendale, 9 Exch. 346; Daughtery v. Amer. Union Tel. Co., 75 Ala. 168, 51 Am. Rep. 435; Brigham v. Carlisle, 78 Ala. 243, 56 Am. Rep. 28; Robinson v. Bullock, 66 Ala. 548; Deslandes v. Scales, 187 Ala. 25, 65 So. 393. Demurrer to the plea of the general issue should have been sustained. M. & M. R. Co. v. Gilmer, 85 Ala. 423, 5 So. 138.

Holley & Milner, of Wetumpka, for appellee.

The plea of the general issue need not be verified, as it does not put in issue the execution of instruments sued on. Stull v. Daniel Mach. Co., 207 Ala. 544, 93 So. 585; L. & N. v. Trammell, 93 Ala. 350, 9 So. 870. The plaintiff, covenantee, not having been disturbed, and having a perfect title when suit filed, his recovery was limited to nominal damages. Sayre v. Sheffield Land Co., 106 Ala. 440, 18 So. 101; 7 R. C. L. 1184. The fact that land was bought for a specific purpose can make no difference in respect to the rule of damages for breach of covenant. 7 R. C. L. 1166; Phillips v. Reichert, 17 Ind. 120, 79 Am. Dec. 463. Remote or indirect damages are not allowable, nor prospective gains or profits or loss of resales. 7 R. C. L. 1166, 1180; 15 C. J. 1319; Egan v. Yeaman (Tenn. Ch. App.) 46 S. W. 1012; Copeland v. McAdory, 100 Ala. 553, 13 So. 545.

SOMERVILLE, J. [1] A plea averring that the allegations of the complaint are untrue, even in an action on a written contract, is a plea of the general issue merely, does not put in issue the execution of the instrument sued on, and need not be verified by oath. L. & N. R. R. Co. v. Trammell, 93 Ala. 350, 9 So. 870, overruling M. & M. Ry. Co. v. Gilmer, 85 Ala. 422, 5 So. 138, and E. A. Ins. Co. v. Osborn, 90 Ala. 201, 9 So. 869, 13 L. R. A. 267; Stull v. Daniel Mach. Co., 207 Ala. 544, 93 So. 583. The trial court properly overruled the demurrer to the plea of the general issue.

[2] The general rule defining the liability of a covenantor in cases like this was declared in Clark v. Zeigler, 79 Ala. 346, where it was held that, when there is no failure of title to any part of the land, but there is an incumbrance on a portion of the tract, created by a prior conveyance of the right to enter and cut all the "saw timber," the measure of damages is the diminished value of the entire tract, not exceeding the entire purchase money paid, with interest. In that case, however, the prior grantee of the timber right had in fact entered and cut and removed 320 trees within the time allowed for doing so.

[3,4] The covenant against incumbrances, as often declared, is a covenant in præsenti, and

is broken as soon as made, if there is an outstanding paramount title, or any existing charge, burden, or interest diminishing the value or enjoyment of the land. Sayre v. Sheffield, etc., Co., 106 Ala. 440, 18 So. 101; Copeland v. McAdory, 100 Ala. 553, 13 So. 545. But where such paramount title is acquired by the covenantor and inures to the benefit of the covenantee, before any action is brought for the breach, and, equally, where such incumbrance is thus removed by the covenantor, or is terminated by its own limitations or by operation of law, though there has been a technical breach of the covenant, giving rise to a right of action thereon, yet, having acquired the unincumbered title contracted for, the covenantee can recover no more than nominal damages. Sayre v. Sheffield, etc., Co., 106 Ala. 440, 447, 18 So. 101; 7 R. C. L. 1178, § 98; 15 Corp. Jur. 1326 (section 231). Ordinarily, collateral or consequential damages are not recoverable. Copeland v. McAdory, 100 Ala. 553, 13 So. 545; 15 Corp. Jur. 1319 (section 223).

[5] But plaintiff invokes, and seeks to apply to this case, the principle applicable to breaches of contract in general, viz. that when there are special circumstances, known to the parties, by reason of which a breach of the contract by one will probably deprive the other party of some special benefit or advantage contemplated at the time of its making, then such a loss or deprivation, though collateral in character, and not ordinarily a subject for compensation, may be included in the damages recoverable. Bixby-Theirson Lumber Co. v. Evans, 167 Ala. 431, 52 So. 843, 140 Am. St. Rep. 47, 29 L. R. A. (N. S.) 194; 7 Corp. Jur. 746 (section 77). But even in such a case there must be presented a reliable basis for an approximately accurate estimation in money of the amount of the damage suffered.

[6] Hence, it has been generally, and we think correctly, held that "the gains or profits of collateral enterprises or subcontracts are, as a rule, too speculative and contingent to afford an element of recovery in the case of a breach of the primary contract." 17 Corp. Jur. 793 (section 115), and the numerous cases cited under note 82. Our own cases sustain this view. Reed Lumber Co. v. Lewis, 94 Ala. 627, 10 So. 333; Dickerson v. Finley, 158 Ala. 149, 48 So. 548. The only exception seems to be that "the loss of profits from the destruction or interruption of an established business may be recovered for, if the amount of actual loss is rendered reasonably certain by competent proof; but in all such cases it must be made to appear that the business which is claimed to have been interrupted was an established one, and that it had been successfully conducted for such a length of time, and had such a trade established, that the profits thereof are reasonably ascertainable." 17 Corp. Jur. 795–

797 (section 117), and cases cited under note 95. And "where a new business or enterprise is floated and damages by way of profit are claimed for its interruption or prevention, they will be denied, for the reason that such business is an adventure, as distinguished from an established business, and its profits are speculative and remote, existing only in anticipation." Id., 797 (section 118).

[7] We think that this principle is applicable here, and that there can be no recovery of damages based on the mere delay in cutting imposed by the incumbrance complained of.

"The general rule is not affected by the fact that the land was bought for a particular purpose, which was known to the vendor, and that the failure of title to a portion of it renders it useless for such purpose." 15 Corp. Jur. 1322 (section 224)—citing Hoot v. Spade, 20 Ind. 326; Phillips v. Reichert, 17 Ind. 120, 79 Am. Dec. 463.

The case of Fraser v. Bentel, 161 Cal. 390, 119 P. 509, Ann. Cas. 1913B, 1062, cited by appellant, can hardly be regarded as an authority to the contrary. It holds that the profits of a collateral enterprise, or from resales, are too remote to be recovered as damages for breach of a covenant against incumbrances on land (the incumbrance being a restriction upon the use of firearms on the premises), "at any rate, in the absence of a showing that defendant was informed of the grantee's purpose of resale." In that case, it must be noted, also, that the incumbrance was not removed and was perpetual, and that the court had before it a statutory prescription for the measure of damages for the breach of contractual obligations.

[8] It is to be observed, with respect to that portion of count 2 which was stricken on defendant's motion, that, while it alleges that the land was heavily timbered, and that defendant was informed that plaintiff was buying the land for the immediate manufacture of the timber into lumber, or its immediate sale, and that plaintiff was by this incumbrance deprived of the right, and was unable to do so, until the expiration of the paramount outstanding right, yet there is no allegation of resulting damage, and no claim for damages therefor.

[9] Special damage must be specifically averred, and averments which show merely an enforced delay in contemplated action, with no suggestion of resulting damage, will not authorize either proof or recovery of special damages. B. R., L. & P. Co. v. Colbert, 190 Ala. 229, 236 (5, 6), 67 So. 513.

In this aspect of the matter, the stricken allegation must be regarded as surplusage merely, whose presence in the complaint was of no value, and whose elimination was not prejudicial.

[10] The trial judge, under the principles

above recited, correctly instructed the jury that only nominal damages could be recovered for the breach of covenant shown; and properly refused to allow plaintiff to show by evidence what was the difference in the value of the land with and without the incumbrance.

Finding no error, the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.