281 So.2d 283

SCOTT SOUTHERN DIVISION EMPLOYEES CREDIT UNION

v.

Rose Bullock LOFTIN, Formerly known as Rose Bullock.

Civ. 26.

Court of Civil Appeals of Alabama.

Aug. 1, 1973.

Joseph J. Boswell, Mobile, for appellee.

Engel & Smith and W. Howard Donovan, III, Mobile, for appellant.

**WRIGHT, Presiding Judge.**

An action was brought by plaintiff, Rose Bullock Loftin, appellee here, against Scott Credit Union, appellee here, for breach of a covenant to convey land. Verdict and judgment for $3,000.00 was rendered for plaintiff. Upon motion for new trial, remittitur was required in the amount of $150.00. Such remittitur being accepted by plaintiff, new trial was denied. Defendant Scott appeals.

In June of 1962, an agreement titled a Lease Sale Contract was executed by Scott as seller and Loftin as purchaser. By its terms Scott sold a parcel of land to Loftin for a consideration of $4,700.00 payable in weekly installments of $12.00. Upon payment of the purchase price, together with interest, Scott covenanted to execute and

deliver to Loftin a statutory warranty deed to the property.

Payments were made until August 1970, when the remaining balance in the amount of some $2615.18 was paid by Loftin and a deed was requested as per agreement.

It had been learned by Scott in 1964 that a small portion of the property was being assessed for taxes by others. An effort by counsel for Scott had been made to secure a release of any interest in the property by such others. Such effort was unsuccessful and nothing further was done until the deed was requested by Loftin. Removal of the cloud on the title by Scott was accomplished, and the deed to Loftin was executed on April 29, 1971. From payment in full and request for a deed by Loftin, there was a delay of some eight months before delivery of the deed. Such delay is the basis of the suit for a breach of contract.

It is conceded by appellant Scott that there was a technical breach of the contract and that such breach was shown in the trial below.

This appeal complains of the trial court allowing in evidence testimony relative to damages, reference to such damages in its oral charge and refusal of requested written charges pertaining to such damages.

In essence, appellants' assignments of error require our consideration of whether the plaintiff's evidence was of recoverable damages.

The evidence of plaintiff as to her damages was of two sources. First, she presented evidence of payment of attorney fees in the amount of $250.00. Such fees were paid for advice and assistance in procuring from appellants the deed which was ultimately delivered. Secondly, plaintiff presented evidence that she had entered into an oral agreement to sell to her son a portion of the property. The son paid her $2615.00, which she used to pay Scott the balance of the purchase price. When Scott did not promptly deliver title, the son

rescinded. Loftin is paying back her son at $50.00 per month.

Appellants' objection to evidence of plaintiff's expenditure for attorney fees and her loss of a sale to her son was overruled, as was its objection to the oral charge of the court to the jury stating such sum to be recoverable damages.

We find the court to be in error in the admission of evidence of attorney fees. It was further error to charge the jury that such were for their consideration as elements of recoverable damages.

██ The cost for services of an attorney in an action for breach of contract is as a general rule not recoverable as damages unless provided for in the contract or by statute. 22 Am.Jur.2d 165, Damages. Moss v. Winston, 223 Ala. 515, 137 So. 303; Taylor v. White, 237 Ala. 630, 188 So. 232; Hartford Acc. & Indem. Co. v. Cosby, 277 Ala. 596, 173 So.2d 585. The attorney fees claimed and awarded in the instant suit were not incurred by plaintiff in the prosecution of the suit for breach of contract, but were stated to have been incurred merely for advice and aid to plaintiff in determining her legal position after performance was delayed by appellant. It follows that if actual expenses for attorney fees necessary to prosecute an action for breach of the contract are not recoverable, neither are expenses incurred in seeking legal advice preparatory to instituting such action.

The other evidence admitted of damages was the loss of the sales price of a portion of the property to her son. This was a collateral contract with a third person entered into several years after the contract between the plaintiff and defendant. The evidence was that such collateral contract was rescinded after appellant failed to deliver title to plaintiff within two months of plaintiff's payment of the balance of the purchase price. As a result of such rescision, plaintiff was obligated to repay the consideration for the collateral resale.

It is a rule of law that damages for breach of contract to be recoverable must have reasonably been in the contemplation of the parties or have been foreseeable at the time the contract was entered into. Loss of profits from an existing collateral contract may be recovered where the possibility of profits was within the contemplation of the defaulting party when the original contract was made and such profits are proved with reasonable certainty. 22 Am.Jur.2d, Sec. 62, Damages. It will be noted that the foregoing statement refers to a collateral contract existing at the time of the making of the original contract. When the collateral contract was made subsequent to the original and the defaulting party had no notice thereof nor the nature of the original transaction was not such as to give notice thereof, lost profits from the collateral transaction are considered too remote and not recoverable on default of the original contract. Bell v. Reynolds, 78 Ala. 511; Bixby-Theirson Lumber Co. v. Evans, 167 Ala. 431, 52 So. 843.

In this case, the collateral contract for resale was made by plaintiff eight years after the original contract. It involved only a small portion of the residential lot sold to plaintiff. The consideration therefor was the exact amount of the balance owed by plaintiff on the original contract. Appellant had no notice of the collateral contract. It must be further observed that the sum sought as damages was not shown to be a loss of profit. Plaintiff still has the land and now has merchantable title thereto. Assuming for argument that loss of profits from a collateral contract due to the breach of the original are recoverable, proof of recission of the collateral contract and necessity of refunding the consideration is not proof of loss of profits. To permit the judgment to stand would give to plaintiff the value of the collateral contract plus retaining the land.

We adhere to the rule established in the case of Blankenship v. Lanier, 212 Ala. 60, 101 So. 763, and stated therein as follows:

"Hence, it has been generally, and we think correctly, held that 'the gains or profits of collateral enterprises or sub-contracts are, as a rule, too speculative and contingent to afford an element of recovery in the case of a breach of the primary contract' . . . Our own cases sustain this view. Reed Lmb. Co. v. Lewis, 94 Ala. 626, 10 So. 333; Dickerson v. Finley, 158 Ala. 149, 48 So. 548."

We see no necessity to consider the admissibility of the collateral contract for the sale of realty because it was oral. We further pretermit consideration of the refused written charges of defendant charged to have been refused in error.

For error shown, the judgment of the trial court is reversed and the cause remanded.

Reversed and remanded.

BRADLEY and HOLMES, JJ., concur.