Keith L. Bush entered into a contract on May 6, 1978, with McLendon Pools, Inc., through its agent Jack Adger for construction of a "vinyl liner" pool at Bush's home in Lowndes County, Alabama. The contract price was $6,725. Problems developed with the pool soon after it was completed. Bush filed suit against McLendon Pools on September 21, 1979, in the Montgomery County District Court for breach of contract. Following denial of the pool company's motion to dismiss or to transfer to proper venue, the district court entered judgment for Bush in the amount of $2,109.82. McLendon Pools appealed to circuit court for trial by jury and reasserted its motion to dismiss or transfer to proper venue, which motion was denied.
Bush amended his complaint to include breach of warranty, express and implied, and breach of warranty of merchantability, as well as the breach of contract originally pleaded. He alleged that the pool was not constructed in a workmanlike manner.
After hearing on the motion to dismiss or transfer was denied, the case was tried to a jury. The jury returned a verdict for Bush in the amount of $10,000. McLendon moved for judgment notwithstanding the verdict or new trial, which motion was denied. McLendon appeals.
The following issues are raised on appeal:
1. Whether venue was proper;
 2. Whether a portion of the $10,000 award was punitive or special damages and due to be set aside;
3. Whether the damage award was excessive;
 4. Whether evidence concerning McLendon Pools and third parties should have been excluded where no similarity between those instances and this one were shown;
 5. Whether appellant's counsel was given sufficient opportunity to object to the court's oral charge under Rule 51, A.R.C.P.; *Page 94 
 6. Whether recovery can be had on items specifically excluded from warranty under the contract; and
 7. Whether the evidence was sufficient to support damages in excess of the total contract price where no value of the pool as constructed was offered.
The first issue concerns venue. Appellant contends that it does business in Pike County, Alabama, only accepts contracts at its home office, and does not do business by agent in Montgomery County. The pertinent venue statute is § 6-3-7, Code (1975), which reads in pertinent part:
 [A] domestic corporation may be sued in any county in which it does business by agent or was doing business by agent at the time the cause of action arose. . . .
We note that the home office of McLendon Pools was located in Pike County, the pool was built in Lowndes County and suit was brought in Montgomery County. The record reflects that McLendon Pools was doing business by agent operating out of Montgomery to solicit pool buyers and sign binding contracts therefor. Such agent sold Bush the pool and signed the contract on behalf of McLendon. An ad in the Montgomery telephone directory set out that McLendon Pools was "one of Montgomery's largest pool builders," and listed a local telephone number and address. The trial court found venue to be proper in Montgomery County. We agree. See, Tennessee Coal, Iron R.R. v. Bunn, 202 Ala. 22,79 So. 360 (1918).
Three issues on appeal involve the measure of damages recoverable in an action for breach of contract, express and implied warranty and the warrant of merchantability. In applying the proper standard to the facts here, we must take into account several general rules of law.
Damages recoverable in cases of this nature are those that are the natural and proximate consequences of breach and must have been in the contemplation of the parties at the time the contract was made. Scott Southern Division Employee's CreditUnion v. Loftin, 50 Ala. App. 571, 281 So.2d 283 (1973). General damages are those that naturally and necessarily flow from a wrongful act; special damages are those that flow naturally, but not necessarily, from the wrongful act. Crommelin v.Montgomery Independent Telecasters, 280 Ala. 391, 194 So.2d 548
(1967).
Our law recognizes that punitive damages are not recoverable for breach of contract. Wood v. Citronelle-Mobile GatheringSystem Co., 409 F.2d 367 (5th Cir. 1968); Geohagan v. GeneralMotors Corp., 291 Ala. 167, 279 So.2d 436 (Ala. 1973). The purpose of damages in a case such as this is to restore the injured party to the condition he or she would have occupied if the contract had not been breached. B M Homes, Inc. v. Hogan,376 So.2d 667 (Ala. 1979); Mid-State Homes, Inc. v. Berry,359 So.2d 401 (Ala.Civ.App. 1978). Special damages not pleaded are not recoverable. Crommelin, supra; Revel v. Prince, 37 Ala. App. 457, 69 So.2d 470 (1954). The jury's assessment of damages cannot be based on speculation or conjecture, Briggs v.Woodfin, 388 So.2d 1221 (Ala.Civ.App. 1980); ContinentalVolkswagen, Inc. v. Soutullo, 54 Ala. App. 410, 309 So.2d 119
(1975).
Applying these rules to this case, and despite the rule that a jury verdict will be reviewed with all favorable presumptions, Shiver v. Barrow, 45 Ala. App. 495, 232 So.2d 676
(1970), we find there was not evidence to support the amount of damages awarded. The general measure of damages in a case of this type is the difference between the market value of the pool as completed and the market value of the pool as warranted. Converse Bridge Co. v. Geneva County, 168 Ala. 432,53 So. 196 (1909); Fleming v. Lunsford, 163 Ala. 540,50 So. 921 (1909). No evidence of such measure was presented. The only evidence as to amount of damages was an estimate of $1,600 to replace the cracked concrete deck around the pool and $698 expended for a larger filter stated to be necessary to properly filter the pool.
There were statements in the evidence as to annoyance and inconvenience, but there were no instructions as to such *Page 95 
being a source of damage in the court's charge to the jury. Generally, such damages are not recoverable in a contract action, though an exception has been made to the general rule in some home construction and improvement cases. B M Homes,Inc., supra; F. Becker Asphaltum Roofing Co. v. Murphy,224 Ala. 655, 141 So. 630 (1932); Hill v. Sereneck, 355 So.2d 1129
(Ala.Civ.App. 1978). We do not consider that a simple breach of contract for construction of a swimming pool falls within the two exceptions to the general rule heretofore recognized by the appellate courts of this state. See Becker Asphaltum, supra. We will not presume to widen the breach in the general rule beyond its present limits. Because of the amount, in light of the evidence, it must be concluded that the verdict is largely an award of punitive damages or special damages for annoyance and inconvenience. Such an award is improper and contrary to the evidence. It is due to be set aside as hereinafter directed.
The next issue is whether the trial court complied with Rule 51, A.R.C.P., and, if not, whether that error prejudiced appellant. We note in its ruling on post-trial motion that the trial court disagreed strongly with McLendon's contention that no opportunity was given counsel to object to the disposition of the written charges and to the oral charge as provided by Rule 51. The record itself does not aid. It indicates that the oral charge was completed and the jury directed to retire and consider its verdict. Though there is no indication that the court followed the usual procedure of asking counsel if they had objection to the charge, neither does it appear in the record that counsel stated objection or requested opportunity to do so. As we read Rule 51, A.R.C.P., the onus for objection is upon counsel. The rule does not require the court to initiate the opportunity to object, only that opportunity be given to make the objection out of the hearing of the jury. We conclude that if counsel fails to request the opportunity to object, the court will not be in error for not affirmatively offering it.
Another issue raised by appellant is whether evidence of the pool company's business with third parties was properly admitted where there was no showing of similarity of circumstances with the case at trial. The doctrine espoused here is that referred to as res inter alios acta, which is based on irrelevancy. Loftin Rent-All, Inc. v. UniversalPetroleum, 344 So.2d 781 (Ala.Civ.App. 1977). We note that this doctrine has been eroded. See, McElroy, § 21.01 (8) (3rd ed. 1977). Also, the evidence in question was admitted for the most part as impeachment and without objection. We find no prejudicial error in this regard.
The last issue on appeal is whether recovery could be based on items specifically excluded from warranty under the terms of the contract. This issue refers to the exclusion in the contract of any warranty as to machinery furnished other than the warranty of the manufacturer. The complaint as to the filter furnished and subsequently replaced was not to its mechanical performance, but to its inability to properly filter the pool because it was too small. Under the evidence the jury could determine that defendant failed in its contract by installing a filter too small for its job. Thus its replacement cost was proper damages.
Unless the plaintiff-appellee remits all in excess of $2,298 by filing a remittitur with this court within ten days following the finality of this opinion, the judgment of the lower court will be reversed and the cause remanded for new trial.
AFFIRMED CONDITIONALLY.
BRADLEY and HOLMES, JJ., concur. *Page 96