Vernie and Carolyn Morrison, husband and wife, (Morrisons) sued L.B. Lowe, d/b/a/ Lowe Construction Company, (Lowe) seeking damages for breach of a written contract for construction of a house and for breaches of an implied warranty of workmanlike performance in the execution of the contract. Lowe counterclaimed for the balance due on the contract. The jury awarded $15,000.00 to Lowe for the balance due and $20,000.00 damages to the Morrisons, giving a net of $5,000.00 to the Morrisons. The trial court entered a judgment for $5,000.00 in favor of the Morrisons and denied Lowe's motion for new trial, after which Lowe perfected this appeal.[1] Lowe's primary contention on appeal is that the jury's verdict is fatally inconsistent and reflects a misunderstanding of the law because it gives awards for both substantial performance and breach of implied warranty of workmanlike performance. We find that the jury's awards are consistent and, therefore, affirm the trial court.
The Morrisons contracted with Lowe to build their house for $45,320.00, payable in three installments. The Morrisons paid the first two payments, totalling $30,000.00, but withheld the third because of complaints about the workmanship.
The testimony at trial, substantiated by photographs admitted into evidence, was that floors in the house were not level, walls were not plumb, the roof was poorly constructed, and many other aspects were defective or unsightly. The jury took a view of the house during the trial; "knowledge it may have acquired there, though unreported, is proper evidence." Western Railwayof Alabama v. Still, 352 So.2d 1092, 1097 (Ala. 1977). We are of the opinion that the jury verdict in the amount of $20,000.00 was based on substantial evidence.
There is ample authority for allowing a contractor to recover the balance due on his contract, while at the same time allowing the owner to recover substantial damages for unworkmanlike or incomplete performance. Fox v. Webb, 268 Ala. 111, 105 So.2d 75 (1958); Annot., 76 A.L.R.2d 805 (1961). Lowe's argument that substantial performance and breach of implied warranty of workmanlike performance are mutually exclusive is very similar to an argument disposed of by the Texas Court of Civil Appeals in Warren v. Denison,563 S.W.2d 299 (Tex.Civ.App. 1978). There, the Court held that "a finding that the builder did not complete the contract in a good workmanlike manner does not necessarily mean that he has not substantially performed the contract." Id., at 303.
Lowe argues that the amount of damages precludes a finding of substantial compliance, because the damages are 44% of the total contract price. This argument ignores the holding in Foxv. Webb, supra, where this court allowed a judgment to stand awarding a balance due to the contractor and damages to the owner amounting to 43% of the contract price.
The jury's award of $20,000.00 to the Morrisons was supported by sound legal authority. The proper measure of damages, where correction of defects would amount to economic waste, is the diminution in value of the house as constructed from the value it would have had if it had *Page 1214 
been constructed in a workmanlike manner. 76 A.L.R.2d 805 (1961).
For the foregoing reasons, the judgment below is due to be affirmed.
AFFIRMED.
FAULKNER, ALMON and EMBRY, JJ., concur.
TORBERT, C.J., concurs specially.
[1] The trial court entered a $20,000.00 judgment for the plaintiffs, a $15,000.00 judgment for the defendant, and a $5,000.00 judgment for the plaintiffs. The $5,000.00 judgment apparently is the difference between the other two judgments and was not intended as a second recovery. We understand Lowe to be appealing from a $20,000.00 judgment; therefore, this Court has jurisdiction of the appeal.