This is a breach of contract case.
Plaintiff-appellant, Alabama Pool Construction Company, appeals from a judgment against it on its claim and in favor of defendant-appellee, Steve Rickard, on his counterclaim.
Appellant filed a complaint against appellee in the Circuit Court of Madison County alleging that appellee had breached a contract for the construction of a swimming pool by failing to pay the full price as agreed upon in the contract. An outstanding balance of $2,950 remained on the contract price and the appellant sought to recover this amount as damages.[1]
The appellee filed an answer and a counterclaim wherein he denied that he had breached the contract and asserted that the appellant had breached the contract by failing to perform the specified work in a good and workmanlike manner and by failing to conform to all applicable laws, ordinances, building codes and health regulations in the construction of the pool. The appellee further asserted that the appellant had breached the express and implied warranties that the pool was fit for the particular purpose for which it was installed.
On November 4, 1981, the foregoing claims and counterclaims were presented to a jury. After due consideration the jury returned a verdict against the appellant on its claim and in favor of the appellee on his counterclaim. The jury awarded the appellee $3,000 as damages.
Subsequent to the verdict the appellant filed a motion for a new trial. Appellant's motion was denied and this appeal followed. *Page 151 
Briefly, the pertinent facts of this case are as follows: Appellee entered into a contract with appellant for the construction of a swimming pool at appellee's residence. By the end of May, 1981, the pool had been completed to the extent that water was put in the pool and the appellee and his family began to swim in the pool. Subsequent to this time, however, certain problems became apparent. Among the problems were wrinkles in the pool liner, discolored concrete walkways, chipped and rough concrete decking, a dented ladder and misaligned coping. Additionally, there was evidence that appellant had not complied with city ordinances regarding the installation of the pool's electrical system.
The total price for construction of the pool as provided in the contract was $8,950. At the time of trial appellee had paid $6,000 toward the contract price. After the foregoing problems developed, the appellee refused to make any additional payments. Appellant then instituted this action seeking to recover the balance of the contract price.
The sole issue presented for review is whether there was sufficient evidence to support the jury's verdict awarding the appellee $3,000 on his counterclaim. Though, as indicated above, there is ample evidence that appellant breached the pool construction contract, a careful review of the record has failed to reveal any evidence that would warrant a finding that the appellee had suffered any compensable damage due to the breach. Because there is no evidence that the appellee was damaged, as damages are determined under Alabama law, this court must reverse the verdict awarding damages. Specifically, the trial court erred in not granting appellant's motion for a new trial due to a lack of evidence to support the jury's verdict.
As this court is aware, and as counsel for appellee ably pointed out, many jurisdictions would apply a "cost of repairs" measure of damages in cases involving defective installation or construction of swimming pools. See generally 13 Am.Jur.2d,Building and Construction Contracts §§ 76-86 (1964). This court, in accordance with previous supreme court cases, has recently held, however, that the "diminished value" measure of damages is applicable to cases involving breach of a pool construction contract. The "diminished value" measure of damages as stated by Presiding Judge Wright in McLendon Pools,Inc. v. Bush, 414 So.2d 92 (Ala.Civ.App. 1982), is "the difference between the market value of the pool as completed and the market value of the pool as warranted. Converse BridgeCo. v. Geneva County, 168 Ala. 432, 53 So. 196 (1909); Flemingv. Lunsford, 163 Ala. 540, 50 So. 921 (1909)." In a case such as this, cost of repairs can properly be admitted into evidence and considered by the jury, but only as an aid in determining the diminished value.
Upon reflection, it becomes apparent from the foregoing statement of the diminished value rule that in order to receive compensation under that rule, the appellee, in this case, would have had to prove that he paid more for the pool than the pool was worth as it was completed. This the appellee has failed to do.
A review of the record reveals that only one witness was able to testify as to the pool's value as completed. This witness, who was an expert testifying for the appellee, testified that the pool had a value of from $6,000 to $6,500 as completed. The appellee testified, in response to a question from appellant's counsel, that he had no estimate of the value of the pool as completed.
Viewing the evidence most favorably to the prevailing party, as this court is required to do (Cooper v. Peturis,384 So.2d 1087 (Ala. 1980)), we must conclude that the pool had a value of $6,000 in its completed state. Since the appellee had paid but $6,000 for the pool, he had paid no more than the pool was worth as completed. Stated differently, the appellee paid for a $6,000 pool and he received a $6,000 pool. Consequently, in this instance under these facts, the appellee has failed to prove that he was damaged by appellant's breach. *Page 152 
This court is aware of the heavy presumption of correctness that is afforded a jury verdict. Goodson v. Elba Baking Co.,408 So.2d 498 (Ala. 1981); Maffett v. Roberts, 388 So.2d 972
(Ala. 1980). Where, as here, there is a complete lack of evidence to support the verdict, the verdict must be set aside.See Gavin v. Hinrichs, 375 So.2d 1063 (Ala. 1979).
This case is due to be reversed and remanded.
REVERSED AND REMANDED.
BRADLEY, J., concurs.
WRIGHT, P.J., recuses himself.
[1] The appellant in its complaint actually requested an award of $2,970. According to appellant, the additional $20 was for services provided by him that were not covered by the contract. The appellant, however, did not pursue this claim at trial.