The present appeal grew out of a boundary line dispute.
The proceedings commenced when Maggie W. Cunningham filed an action in Talladega *Page 89 
County Circuit Court seeking the establishment of a boundary line between her property and contiguous lands owned by Pamela Jo Jacobson. In response thereto, Mrs. Jacobson answered with a general denial and also filed a third party complaint against V.P. Thrash and Ruth Helen Thrash from whom she had received her interest in the property by general warranty deed on June 10, 1981. The essence of the third party complaint was that the Thrashes were liable to Mrs. Jacobson for breach of warranty to defend her title. Mrs. Jacobson further claimed that she had given her grantors notice of the action pending against her and that they were liable to her for all losses, including attorney's fees and litigation expenses. After an ore tenus hearing the trial court, on July 9, 1982, established the boundary line as requested by Mrs. Cunningham and rendered a judgment for $630 against the Thrashes and in favor of Mrs. Jacobson. Subsequently, Mrs. Jacobson filed a motion to amend, alter, or vacate the judgment or for a new trial in which she claimed that she had incurred $2,000 in attorney's fees and $122.35 in litigation expenses. When the trial court failed to rule on her motion, Mrs. Jacobson appealed to this court after the expiration of the ninety-day period as provided in rule 59.1, Alabama Rules of Civil Procedure.
Mrs. Jacobson argues in brief that the trial court erred to reversal in refusing to award her $2,122.35 in attorney's fees and litigation expenses in connection with the Thrashes' failure to defend her title against Mrs. Cunningham. She further contends that litigation expenses and attorney's fees must be awarded as a matter of law when a grantee has unsuccessfully attempted to defend his title against a third person after notice to and refusal by the grantor to so defend. Mrs. Jacobson asserts that she gave proper notice to the Thrashes of the pending action and that their refusal to defend her title was tantamount to a breach of their warranty to defend. The Thrashes, however, urge us to find that the recovery of attorney's fees and litigation expenses after a breach of the warranty to defend is not to be handled as a matter of law but rather rests within the discretion of the trial court.
Mrs. Jacobson acknowledges the general rule in Alabama that in the absence of a statute or contractual provision or some established equitable principle, attorney's fees are not recoverable in an action for breach of contract. CincinnatiInsurance Co. v. City of Talladega, 342 So.2d 331 (Ala. 1977);Scott Southern Division Employees Credit Union v. Loftin,50 Ala. App. 571, 281 So.2d 283 (Ala.Civ.App. 1973). She argues, however, that this general rule does not control the instant appeal and that it is instead governed by the decision ofChicago, Mobile Development Co. v. G.C. Coggin Co., 259 Ala. 152, 66 So.2d 151 (1953). There the supreme court said:
 "The claim for attorneys' fees exists as an element of damages recoverable by a covenantee for a breach of a covenant to warrant and defend the title against the lawful claims of all persons, and when the circumstances support the claim for the attorneys' fees. . . .
. . . .
 "Special damages for expenses incurred in defending a suit wherein the covenantee was evicted, may sometimes be recovered against the covenantor where there has been a breach of the general warranty and of quiet enjoyment by that eviction. The theory is that it is the duty of the covenantor to defend the covenantee's title in such a suit and upon his refusal or neglect to do so after proper notice, the latter would have the right to employ counsel for that purpose and recover in an action on the covenant such reasonable fees as he had been compelled to pay or incur. Chestnut v. Tyson, 105 Ala. 149, 162, 163, 16 So. 723."
Mrs. Jacobson urges us to find that since she gave notice to the Thrashes and since she ultimately lost a portion of the land in question to Mrs. Cunningham after her grantors' refusal to defend her title, she is entitled to recover $2,122.35 in fees and expenses as a matter of law. *Page 90 
While we readily agree with Mrs. Jacobson's contention that attorney's fees and litigation expenses are elements of damages in an action for breach of a warranty to defend title, we do not agree that they are automatically available to an injured covenantee as a matter of law. A close examination of the language in Chicago, Mobile Development Co. v. G.C. Coggin Co.,supra, negates Mrs. Jacobson's contention that such fees are automatically recoverable upon a showing of a breach of the warranty. Rather, the supreme court stated that such damages are available "when the circumstances support the claim for the attorneys' fees." This statement, of course, contemplates that only such costs of defending the action as can be demonstrated by an injured landowner may be included in his damages for breach of the warranty to defend title. They are subject to the same requirements of pleading and proof as are any other special damages.
In the instant action the trial court awarded Mrs. Jacobson $630 in damages without specifying whether the amount represented attorney's fees and litigation expenses or whether it was given as compensation for some other injury suffered by her. Mrs. Jacobson urges us to find that the record contains proof of damages which would entitle her to recover the full amount of $2,122.35. She states in brief that there is testimony in the record to indicate that one of her attorneys spent twenty-four hours in the preparation of her case and that the other had accrued a fee of $800 prior to the time of trial. She further indicates that she incurred expenses of $122.35 in connection with the taking of a deposition. The issue of establishing an attorney's fee and awarding litigation expenses is a matter which rests within the sound discretion of the trial court. Moreover, it is entirely appropriate for the court to use its own judgment in making its award. See Rosser v.Rosser, 355 So.2d 717 (Ala.Civ.App. 1977), cert. denied,355 So.2d 722 (Ala. 1978); and Hampton v. Gulf Federal Savings Loan Association, 287 Ala. 172, 249 So.2d 829 (1971). From our review of the record before us, we cannot say that the trial court abused its discretion in connection with its award of damages to Mrs. Jacobson.
For the foregoing reasons the decision of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.