This appeal involves an alleged breach of a contract to construct a fish pond. Central to a determination of the questions raised on appeal is whether the contract was made with an individual in his individual capacity, or with the individual in his capacity as a partner in a partnership.
After a trial by jury, the jury returned a verdict in favor of the plaintiff and against the defendants in the amount of $12,000, plus interest and costs.
Don Rose and "S R Partnership," defendants below, appeal from the judgment entered upon the jury verdict in favor of *Page 1059 
plaintiff Davis, and present three issues for review, as follows: (1) Whether the trial court erred by proffering verdict forms which allowed only joint liability, as opposed to individual liability; (2) Whether the plaintiff materially breached the contract, thereby excusing further performance by the defendants; and (3) Whether the jury's assessment of damages was based on speculation and conjecture. After a review of the arguments made by the parties in their briefs, we hold that the trial court did not commit error; therefore, its judgment is due to be affirmed.
Before discussing the facts and the law, we point out that defendant James Sprinkle did not appeal.
The facts of this case, briefly stated, are as follows:
In the summer of 1981, Davis, the owner, and Sprinkle, the contractor, entered into a contract whereby Sprinkle would construct a fish pond on Davis's land. Davis and Sprinkle agreed that the cost of the pond would not exceed $6,000, and that Davis would pay Sprinkle weekly according to the hourly rate for the use of certain machinery. In addition, the two agreed that the pond would meet certain height and width requirements. Rose, Sprinkle's co-defendant, was aware of the contract with Davis. In fact, Rose and Sprinkle, just prior to the execution of the Davis contract, had formed the "S R Partnership" to build ponds. Rose and Sprinkle's partnership agreement called for the splitting of all profits and losses incurred in the building of ponds and lakes.
Sprinkle commenced work on Davis's land at the end of August 1981. Sprinkle continued to work on the land for approximately one month. On August 27, Sprinkle told Davis he would not continue to work unless he was paid. On that day, Davis made a third payment to Sprinkle for $3,000. The total amount paid by Davis under the contract was $5,709.50, but Davis's payments were not made on a regular weekly basis. By the end of August, charges submitted to Davis totaled approximately $6,569.50.
The jury returned a verdict for Davis in the amount of $12,000. Rose and "S R Partnership" appeal.
 I
Rose and the partnership contend that the trial judge erred in submitting verdict forms to the jury which failed to afford the jury an opportunity to delineate between the relative liability of the defendants. Under the facts of this case, we find no error.
It is undisputed that Rose and Sprinkle were partners in the "S R Partnership," and it is also undisputed that they entered the partnership intending to build ponds and to share profits and expenses incurred in their business.
In view of this evidence, the law relative to partnerships is applicable.
Code 1975, § 10-8-49 provides, in part:
 "(a) Every partner is an agent of the partnership for the purpose of its business, and the act of every partner, including the execution in the partnership name of any instrument, for apparently carrying on in the usual way the business of the partnership of which he is a member binds the partners, unless the partner so acting has in fact no authority to act for the partnership in the particular matter and the person with whom he is dealing has knowledge of the fact that he has no such authority." (Emphasis added.)
Rose testified that he was aware that Sprinkle had entered into a contract with Davis, and he also testified that he and Sprinkle planned to split any profits from the venture. The contract executed by Sprinkle was for the kind of work the partnership was created to perform; therefore, it is clear that the jury was authorized to find that Sprinkle's actions bound Rose and "S R Partnership" under Code 1975, § 10-8-49.
Furthermore, Code 1975, § 10-8-52, provides:
"All partners are liable: *Page 1060 
 (1) Jointly and severally for everything chargeable to the partnership under sections 10-8-53 and 10-8-54; and
 (2) Jointly and severally for all debts and obligations of the partnership, except as may be otherwise provided by law. (Acts 1971, No. 1513, p. 2609, § 15."
Appellants cite Hoffman v. Chandler, 431 So.2d 499 (Ala. 1983), in support of their argument that the trial judge should have proffered verdicts to the jury which would have allowed the jury to find individual, as opposed to joint, liability. We believe Hoffman is distinguishable from the instant case. InHoffman, this Court reversed a jury verdict in favor of the plaintiff and against an ERISA trust and two individuals who acted as trustees of the trust. The basis of the reversal was the trial court's failure to proffer verdict forms to the jury which applied to each viable alternative verdict. Specifically, the Court found that the trial judge erred when he submitted verdict forms to the jury which "failed to afford the jury any opportunity to delineate between the relative guilt" of the two individual defendants. According to the Court,
 "This was improper. Although joint liability was authorized, it was not mandated under the pleadings and proof of his case. . . . While we express no opinion as to what result should obtain from the record before us, we are clear to the conclusion that one of the viable options available to the jury was foreclosed by the verdict forms and the trial court's oral instruction relative thereto. By this procedure, the trial court erred to reversal." (Emphasis added.)
431 So.2d 505.
After reviewing the pleadings, the evidence, and the court's instructions to the jury, we are convinced that the principle of Hoffman should not apply here.
For example, the court in this case instructed the jury, as follows:
 "In this case, of course, Mr. Davis has sued Mr. Sprinkle and Mr. Rose and S R partnership. Just to let you know, of course, every partner is an agent of a partnership for the purpose of its business. And the act of every partner, including the execution and partnership name of any instrument or contract or carrying out of business for the partnership or apparently carrying on in the usual way of the partnership of which he is a member, binds all of the partners to the partnership. An agent is a person, either a partner or an employee, who by contract with another called the principal, acts for the principal and is subject to his control. The agreement may be oral or written or implied from the conduct of its parties. It may be with or without compensation. When a partnership is engaged to perform certain services, whatever its agents or employees or partners do to that end or in furtherance of the employment is deemed to be an act within the scope of the employment. And all partners are liable jointly and severally for everything chargeable to the partnership and for all debts and obligations of the partnership."
There was no objection made that this instruction should have been qualified, and the appellants have pointed to no requested instruction which would have clearly stated their positions regarding any individual liability of the defendants.
The defendants did object to the general verdict forms, as follows:
 "MR. McILWAIN: Your Honor, at this time we would like to object to the general verdict forms. We object to the verdict form which holds a verdict against all three defendants rather than the defendants separately and severally, and request that the Court give the jury separate verdict forms as to each defendant on the plaintiff's claim.
 "THE COURT: The Court does not feel it can ignore your client's testimony before the jury." *Page 1061 
Assuming, without deciding, that the objection made preserved the claimed error,[1] we believe any error was at most harmless, because Rose did testify, as the trial judge noted, that he (Rose) was aware of the contract. Unquestionably, the partnership had been formed. We believe that these facts are, therefore, distinguishable from those in Hoffman.
Based on the foregoing, we find that the trial court did not err in refusing to instruct as to individual liability as opposed to joint liability.
 II
Defendants contend that Davis materially breached the contract, thereby excusing further performance by them.
According to the Restatement (Second) of Contracts § 241 (1976), circumstances significant in determining whether a breach is material include:
 "(a) the extent to which the injured party will be deprived of the benefit which he reasonably expected;
 "(b) the extent to which the injured party can be adequately compensated for the part of that benefit of which he will be deprived;
 "(c) the extent to which the party failing to perform or to offer to perform will suffer forfeiture;
 "(d) the likelihood that the party failing to perform or to offer to perform will cure his failure, taking account of all the circumstances including any reasonable assurances;
 "(e) the extent to which the behavior of the party failing to perform or to offer to perform comports with standards of good faith and fair dealing."
In the present case, Davis had tendered all but $290.50 of the contract price when Sprinkle stopped work on the site. Yet, the pond was less than half complete, according to plaintiff's theory of the case. Under these circumstances, it cannot be said that Davis's breach by nonconforming payment was material.
Davis had substantially performed his contract obligations at the time of the breach; therefore, the defendants were not excused from further performance under the contract.
 III
The defendants contend that the jury's assessment of damages was based on speculation and conjecture.
The trial judge instructed the jury on the issue of damages as follows:
 "And the measure for such claim of damages is normally the difference between the value of the pond or lake as completed and the value of the pond or lake as it would have been had the contract been fulfilled, if you should find that the contract actually provided for something other than what was actually built."
The defendants interpret this instruction to mean that Davis was required to proffer evidence as to the value of the pond ascompleted, and as to the value of the pond had the contractbeen fulfilled. We disagree. We believe that the judge's charge meant that the measure of damages would be the amount required to place the plaintiff in the same position he would have been in had the contract been performed. There was expert testimony at trial that it would require approximately $15,000 to complete the pond in accordance with the contract specifications. We recognize that the evidence was conflicting on the "contract specifications," but the amount of damages to be awarded, if any, is largely left to the discretion of the jury. Feazell v. Campbell, 358 So.2d 1017 (Ala. 1978). Appellants, in their brief, argue:
 "The measure of damages for breach of a contract to construct a pond is the difference between the market value of the pond in its condition at the time the *Page 1062 plaintiff received it and according to the contract. Cf. Alabama Pool Constr. Co. Inc., v. Rickard, 418 So.2d 149 (Ala.Civ.App. 1982) (breach of contract for construction of swimming pool); McLendon Pools, Inc. v. Bush, 414 So.2d 92 (Ala.Civ.App. 1982), cert. denied, 414 So.2d 92 (1982) (same). Paraphrasing what was stated in Alabama Pool Constr. Co., Inc. v. Rickard, supra, the most recent Alabama case in this area, `. . . in order to receive compensation under [the diminished value] rule, the appellee . . . would have had to prove that he paid more for the [pond] than the [pond] was worth as it was completed.' 418 So.2d, at 151.
 "Moreover, it is axiomatic that if a plaintiff fails to furnish evidence from which a jury can form a basis for determination of the amount of damages, the jury cannot supply the omission by speculation. Briggs v. Woodfin, 388 So.2d 1221 (Ala.Civ.App. 1980); Howard v. Taylor, 99 Ala. 450, 13 So. 121
(1892) (reversing verdict in favor of the plaintiff where sufficient data regarding damages was not shown)."
Appellee counters:
 "This is not a case in which the Plaintiff was delivered a $6,500 swimming pool complete but for minor repairs for a contract price of $6,000. See, Alabama Pool Construction Co., Inc. v. Rickard, 418 So.2d 149 (Ala.Civ.App. 1982). In this case, in which the jury determined the terms of the contract, the Appellee contracted with the Appellant and his partner Sprinkle to have them construct a fish pond of a certain size and depth. The evidence is undisputed that the Appellant and Sprinkle told the Appellee that they would build the pond for a price that would not exceed $6,000.00. The Appellee substantially paid the money called for under the agreement, but the pond was never constructed. Indeed, the work done was negative — not positive.
 "Elvin Wright of the Alabama Soil Conservation Service testified as to the amount of dirt that would have to be moved to create the pond the partnership had agreed to build as a `minimum design' usable pond."
In Fox v. Webb, 268 Ala. 111, 105 So.2d 75 (1958), which is cited with approval in Lowe v. Morrison, 412 So.2d 1212 (Ala. 1982), this Court, citing one of its prior cases, opined:
 "This court in Walstrom v. Oliver-Watts Construction Co., 161 Ala. 608, 619, 50 So. 46, 50
said:
 "`* * * The authorities above cited are uniform in holding that an owner who has sustained injury by reason of a breach of the building contract on the part of the builder, may recover in a separate action against the builder, or if sued by the builder on a quantum meruit, that he may recoup or set off such damages as are the proximate result of the breach, the amount of which, as above stated, being the difference between the value of the work furnished or building constructed and the value of that contracted for, or the reasonable value of the extra work occasioned the owner in making the building conform to the contract stipulations. 6 Cyc. 113; Suth on Damages, §§ 709-711.'" (Emphasis supplied.)
Appellants, in a reply brief, state:
 "Davis argues that a substantial reconstruction of the pond would have to take place in order to build the pond he says he wants, thus justifying the $12,000.00 price tag. However, where such economic waste will result, the authorities are clear that the cost of remedying the defects is not the measure of damages. See, e.g., Lowe v. Morrison, 412 So.2d 1212
(Ala. 1982) (`The proper measure of damages, where correction of defects would amount to economic waste, is the diminution in value of the house as constructed from the value it would have *Page 1063 
had if it had been constructed in a workmanlike manner'); Mayfield v. Swafford, 62 Ill.Dec. 155, 106 Ill. App.3d 610, 435 N.E.2d 953 (1982) (owner of swimming pool could not recover cost of repairs, where such cost exceeded the contract price). Davis never proved the proper measure of damage, relying totally on cost of repair evidence. Under such circumstances the case should not have gone to the jury."
We do not believe the holding in Lowe v. Morrison conflicts with the portion of Fox v. Webb which we have emphasized, because the Court in Lowe v. Morrison, cites Annot., 76 A.L.R.2d 805 (1961), as its authority, and in that annotation,Fox v. Webb is included as a case which follows this proposition.
"The difference between the contract price and what it would cost to make the structure conform to the plans and specifications has sometimes been held the measure of damages where it appears the agreement was not substantially performed." Fox v. Webb, supra.
Upon a consideration of the arguments and the law, and applying that law to the evidence adduced, we cannot say that the jury verdict awarding the plaintiff $12,000 was based on speculation and conjecture.
The judgment is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.
[1] Rule 50, Ala.R.Civ.P., states, in part:
 "Additional instructions shall be submitted in writing, except that with respect to any additional instruction taken from Alabama Pattern Jury Instructions, it shall be sufficient to identify said instruction on the record by reference to the number and title of said pattern jury instruction."