HOLMES, Judge.
The plaintiff sued the defendant, City of Mobile (City), for the destruction of plaintiffs house. Plaintiff recovered a judgment for $3,000 against the defendant City. Plaintiff appeals, and we affirm.
Viewing the record with the attendant presumptions accorded the trial court’s order, we find the following is pertinently revealed. In approximately December 1981, the City demolished plaintiffs rental house. The structure was in a deteriorating and unsafe condition largely due to Hurricane Frederic, which damaged much of Mobile in September 1979. Plaintiff filed suit against the City, three of its commissioners, and several of its employees, claiming damages for the public taking of his property. Plaintiff contended that the City had taken his property by eminent domain and that he was entitled to compensation under Ala.Const. art. XII, § 235. He also contended that the City had not given him proper notice prior to the destruction of his property, as is required by 1971 Ala.Aets 140.
As indicated, following an ore terms trial, the trial court entered a judgment against the City in the amount of $3,000, but it entered a judgment in favor of the remaining defendants and taxed those defendants’ costs to plaintiff.
Plaintiff appeals, contending that the award to him of only $3,000 is against the weight of the evidence and that the trial court abused its discretion in taxing him with the costs of the defendants in whose favor judgment was entered. We affirm as to both matters.
With regard to plaintiff’s contention that the trial court erred in awarding him only $3,000, we note that the evidence in this case was presented to the trial court ore terms. When such is the case, its findings are presumed to be correct and will not be disturbed on appeal if they are supported by the evidence or any reasonable inference therefrom, unless they are plainly and palpably erroneous or manifestly unjust. U-J Chevrolet Co. v. Marcus, 460 So.2d 1341 (Ala.Civ.App.1984). This is particularly true where the trial court must resolve conflicting evidence. Rose v. Rose, 440 So.2d 566 (Ala.Civ.App.1983); Gaither v. Siegrest, 435 So.2d 102 (Ala.Civ.App.1983).
We find the evidence to be both vague and conflicting as to the value of plaintiff’s property at the time it was damaged by Hurricane Frederic and at the time it was demolished by the City. The evidence is further conflicting as to the expense plaintiff had incurred in repairing the property at the time the City demolished it. Under such circumstances, we will not reweigh the evidence or substitute our judgment for that of the trial court. The $3,000 judgment against the City is supported by some evidence and is due to be affirmed.
The City contends that plaintiff is entitled to no damages whatsoever under Ala. Const, art. XII, § 235. The City argues that plaintiff’s property was demolished solely because it was a public nuisance, and not by way of eminent domain for some City improvement or construction. This court tends to agree with the City’s argument. See City of Mobile v. McClure, 221 Ala. 51, 127 So. 832 (1930); City of Birmingham v. Graves, 200 Ala. 463, 76 So. 395 (1917); City of Hartselle v. Kilpatrick, 52 Ala.App. 314, 292 So.2d 121 (Ala.Civ.App.1974). The City, however, has not cross-appealed, and its liability to plaintiff under Ala.Const. art. XII, § 235 is, therefore, not an issue before this court. This fact also pretermits the city’s claim that it is immune from liability to plaintiff.
Plaintiff has additionally argued that he should not have been charged with the court costs of the defendants in whose favor judgment was entered. The taxing of costs is a matter within the sound discretion of the trial court. Bukley v. Carroll, 366 So.2d 1094 (Ala.1978); Jacobson v. Thrash, 435 So.2d 88 (Ala.Civ.App.1983). See Rule 54(d), Alabama Rules of Civil Procedure. The trial court may allocate such costs between the parties, rather than simply taxing them to the losing party. *476 Cash v. Mayo, 429 So.2d 1092 (Ala.Civ.App.1983).
In this case the trial court taxed the City with plaintiff’s costs, in addition to the $3,000 judgment entered against it. The costs, however, of those defendants who were not found liable to plaintiff were taxed to plaintiff. We find no abuse of the trial court’s discretion in thus allocating the costs of this case.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.