YATES, Judge.
In October 1998, Kaiser Pools sued Keith Cantwell in the small claims court, alleging that Cantwell had failed to pay the final installment balance of $1,862 on a $17,692 contract for labor and materials supplied in the construction of a swimming pool. Kaiser Pools demanded $1,862, plus court costs and attorney fees. Cantwell counterclaimed, alleging that Kaiser Pools had breached a warranty by negligently constructing the. pool. Cantwell demanded a $20,000 judgment and moved to transfer the case to the circuit court based on his judgment demand; the court, in December 1998, granted the motion to transfer. Following an ore tenus proceeding, the circuit court, on June 30, 1999, entered a judgment in favor of Cantwell on Kaiser Pools’ claim for the final payment due; it found in favor of Cantwell on his counterclaim, awarding Cantwell $5,000, plus court costs.
Kaiser Pools moved to vacate the judgment, arguing that — based on the applicable caselaw regarding a breach-of-warranty claim in the context of installation/construction of a swimming pool — the court had erred in entering a judgment in favor of Cantwell; the court denied the motion on July 27, 1999. Kaiser Pools appealed. It argues that the court erred in awarding a judgment in the absence of testimony regarding the proper calculation and the proper amount of damages. We agree.
This court has addressed the issue of damages in a breach-of-contract claim as it pertains to the installation of a swimming pool. In Alabama Pool & Construction Co. v. Rickard, 418 So.2d 149 (Ala.Civ.App.1982), this court stated, in part:
“As this court is aware, and as counsel for [the] appellee ably pointed out, many jurisdictions would apply a ‘cost of repairs’ measure of damages in cases involving defective installation or construction of swimming pools. This court, in accordance with previous supreme court cases, has recently held, however, that the ‘diminished value’ measure of damages is applicable to cases involving breach of a pool construction contract. The ‘diminished value’ measure of damages as stated by Presiding Judge Wright in McLendon Pools, Inc. v. Bush, 414 So.2d 92 (Ala.Civ.App.1982), is ‘the difference between the market value of the pool as completed and the market value of the pool as warranted.’ In a case such as this, cost of repairs can properly be admitted into evidence and considered by the jury, but only as an aid to determining the diminished value.”
Id. at 151 (citations omitted).
We conclude, based on the record, that Cantwell failed to prove his damages claim in accordance with the diminished-value principle. The only evidence presented at trial was Cantwell’s testimony that a $1,200 ladder had been damaged because it had concrete on it and that he estimated it would cost about $2,000 to replace sod around the pool area. Although Cantwell *678 stated that he wanted the pool removed, there was no testimony as to the current value of the pool. Further, Cantwell testified that his family had used the pool after it was installed. We, therefore, cannot determine from the record the value of the pool nor the court's basis for awarding Cantwell a $5,000 judgment. Accordingly, the judgment is reversed and the case is remanded for further proceedings.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
ROBERTSON, P.J., and MONROE, J., concur.
CRAWLEY and THOMPSON, JJ., concur in part and dissent in part.