This is an action by Raney Insurance Agency (the agent) to recover automobile insurance premiums from Mr. Hill.
After the parties testified before the trial court, a judgment was rendered in favor of the agent and against Mr. Hill for $1,160. Mr. Hill has appealed.
We have reviewed the evidence in light of the ore tenus rule. The following pertinent evidence is revealed.
The business relationship between the parties as to automobile insurance extended from May 1976 to July 1980. They executed no written contract concerning their course of dealings with each other. Mrs. Hill would telephone the agent and inform them that a policy was needed which covered a particular vehicle owned by Mr. Hill. At the agent's request, an insurance carrier would issue a policy, and the agent would pay the premium to the insurer. The policy together with the agent's bill for the premium which they had paid would be mailed to Mr. Hill at his residence. Mrs. Hill further assisted Mr. Hill by routinely receiving the bills at their home and paying them. This procedure was generally followed as to more than a dozen vehicles which were covered by policies issued by the agent during that period of time. However, over the last two-year period, Mr. Hill gradually became delinquent in the payment of the total account until he owed $1,160 to the agency as of July 1980. Prior to the commencement of this action, Mr. Hill never protested or contested any bill from the agency although many statements were mailed to him. Some of the above evidence was controverted by Mr. Hill.
One contention concerns whether there was ever any contract between the agent and Mr. Hill. The testimony of the owner and operator of the insurance agency clearly upheld the rendition of the judgment against Mr. Hill for an account stated, which is one of the theories upon which the case was tried. Since an evidentiary trial was conducted before the trial court, its findings of fact are presumed to be correct upon appeal and will not be disturbed if they are supported by the evidence, or any reasonable inference therefrom, unless they were palpably wrong. AAA Employment, Inc. v. Weed, 457 So.2d 428
(Ala.Civ.App. 1984). The trial court's findings were supported by the evidence and were not clearly wrong. This issue must be affirmed under the recent decision in Karrh v.Crawford-Sturgeon Insurance Co., 468 So.2d 175 (Ala.Civ.App. 1985).
Next, Mr. Hill argues that, since a contract was not in writing, it was void under the statute of frauds because their dealings extended for a period in excess of one year. The statute of frauds in that respect provides that every agreement "which, by its terms, is not to be performed within one year from the making thereof" is void unless it is evidenced by some writing. Ala. Code (1975), § 8-9-2 (1). There was no evidence that, as to any transaction between the parties, the parties agreed that it was to be performed over a period of time exceeding one year. No such time provision was ever placed upon any of their dealings with each other. Their transactions as to each policy of insurance were certainly capable of being performed, and were performed, within one year. In order to bring a contract within the purview of the above quoted aspect of the statute of frauds, the agreement must not be capable of being performed within one year. Hornady *Page 740 v. Plaza Realty Co., 437 So.2d 591 (Ala.Civ.App. 1983). For the above reasons, the statute of frauds had no application in this case.
If the action against Mr. Hill had been based upon a mere open or unliquidated account, it would have been barred by the three-year statute of limitations. Ala. Code (1975), § 6-2-37
(1). However, as we have previously noted, the evidence supported a finding and holding that the account between the parties was a stated or liquidated account as to which the statute of limitations was six years. Ala. Code (1975), § 6-2-34
(5). Since the agent's action was commenced within the six-year period, it was not barred by the statute of limitations.
We affirm.
The agent has filed a motion to dismiss the appeal of Mr. Hill as being frivolous and an additional motion for damages under Rule 38 of the Alabama Rules of Appellate Procedure. Those motions are overruled.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.