This is a modification of divorce decree case.
After an ore tenus hearing, the trial court ordered the husband to pay certain unpaid medical bills, interpreted the original divorce decree so as to require the husband to pay certain future medical bills, increased the amount of child support, and awarded the wife an attorney's fee.
The husband appeals, contending that the trial court's actions regarding the above require reversal. We find no error and affirm.
We do not deem it necessary to set out in detail the facts. The pertinent facts of this appeal are:
The parties were divorced in November 1981. The custody of the couple's three children was awarded to the wife. The oldest child is mentally retarded and has health problems. The husband was ultimately required to pay $250 per month as child support. The wife filed a petition for modification of child support, seeking an increase of $200 per month. She also requested that the husband be required to pay her attorney's fee.
 I
The husband first argues that the trial court erred in ordering him to pay certain unpaid medical bills. He contends that the court could not render such an order because this issue was not raised in the pleadings.
Rules 15 (b) and 54 (c) of the Alabama Rules of Civil Procedure permit the trial court to render a judgment that is not based on the pleadings if the evidence supports that judgment. See Parrish v. Parrish, 365 So.2d 1237 (Ala.Civ.App. 1979).
In the present case, there was testimony concerning the unpaid medical bills. Also, copies of the bills were admitted into evidence without objection. Therefore, based on the evidence presented at trial and authorized by the above cited rules, we find that the trial court did not err in requiring the husband to pay certain unpaid medical bills, even though the wife did not specifically request such relief.
 II
Next, the husband contends that the trial court erred in interpreting and/or modifying the divorce decree to, in effect, require the husband to pay all reasonable and necessary doctor, hospital, and prescription drug bills for the children as long as the wife lives in Birmingham.
The original separation agreement, which was incorporated in the decree of divorce, provided in pertinent part:
 "(I) That the husband shall make sure the minor children receive Military Dependant Identification Cards so that they may utilize military medical facilities as dependants of the husband. It is agreed that the wife will be solely responsible for taking the children to the medical care facilities except during the times when the children are in the custody of the husband. It is understood that at any time the children will require surgery, *Page 53 
that the wife will notify the husband at once." (Emphasis added.)
The husband, in effect, argues that the above provision of the divorce decree requires that the children be taken to a military medical facility.
It is clear to this court, as it appears it was to the trial court, that the questioned provision is not clear as to its meaning. The language of the agreement could be interpreted as allowing the use of military facilities, but not necessarily requiring such use.
In Cain v. Cain, 452 So.2d 874 (Ala.Civ.App. 1984), this court stated that, if there was any ambiguity in a divorce decree, the court is to construe the terms to express the parties' intent.
In her testimony, the wife indicated that the agreement did not require her to take the children to a military medical facility — it only allowed her to do so. The evidence also showed that, if the children were treated at a non-military medical facility, the husband's insurance through the military would pay all but twenty percent of the cost.
In view of the above, when the entire circumstances are considered, the trial court did not err in construing the agreement to require the husband to be responsible for all the children's reasonable and necessary doctor, hospital, and prescription drug bills that are not paid by his insurance.
 III
The husband further contends that the trial court erred by increasing the child support payments from $250 per month to $350 per month. He argues that the evidence did not show a sufficient change in circumstances to support the increase.
The evidence indicated that the husband's income has increased from $14,000 at the time of the divorce to $17,000 per year at the time of the instant hearing. In his testimony, he stated that he presently lives on the military base and he does not have rental and utility expenses.
As the children have grown, the cost of caring for them has increased. The wife offered testimony as to the cost of caring for the three children.
These facts, combined with the increased cost of living due to inflation, establish the material change of circumstances necessary to support a modification. Young v. Young,376 So.2d 737 (Ala.Civ.App. 1979).
The trial court, in its discretion, can modify child support, and this court cannot disturb its decision unless it is so unsupported by the evidence as to be palpably wrong. Stubbs v.Puls, 429 So.2d 1071 (Ala.Civ.App. 1983). In view of the increase of the husband's earnings, the increased cost of the children's needs, and the fact that inflation exists, we find no abuse of discretion.
 IV
Finally, the husband contends that the trial court erred when it ordered him to pay the wife's attorney's fee. In Epperson v.Epperson, 437 So.2d 571 (Ala.Civ.App. 1983), this court stated that the trial court has the discretion to award attorney's fees to the wife in a modification proceeding. Its exercise of that discretion will not be disturbed on appeal except for an abuse of that discretion. In view of the relative financial positions of the parties, and considering the entire circumstances, we find no such abuse of discretion as to require reversal.
The wife has requested a fee for representation on appeal. A fee of $500 is awarded.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur. *Page 54