L. CHARLES WRIGHT, Retired Appellate Judge.
Guntersville Boat Mart, Inc. (Boat Mart) filed a complaint which alleged that it had entered a sales agreement with Action Vans, Inc. (Action Vans) for the purchase of a van. Boat Mart further alleged that it has fulfilled its part of the agreement and requested that the trial court issue an order directing Action Vans to give possession of a negotiable title certificate to Boat Mart.
Action Vans filed its answer and counterclaim on the day of the trial, without objection. Action Vans denied that Boat Mart had paid full consideration for the van and requested that the trial court order Boat Mart to return the van.
A hearing was held and both parties presented testimony and introduced exhibits into evidence. After the conclusion of the trial, but before judgment was rendered, counsel for Boat Mart filed a written objection to the counterclaim. The objection was overruled and the trial court ordered Boat Mart to pay $4,740 to Action Vans and further ordered that, immediately upon payment of said amount, Action Vans was to issue to Boat Mart a good and negotiable title to the van.
Boat Mart filed a motion for a new trial, which was denied. Boat Mart appeals and raises several issues.
Our review of the record reveals the following pertinent facts: Sometime prior to December 1985, Action Vans had purchased some fiberglass tops from Mid-South Fiberglass, Inc. (Mid-South) and owed some $7,969 to Mid-South. In December 1985 David Long, a stockholder and an officer of Mid-South and also the president of Boat Mart, and Scott Vanderstelt, the plant manager for Mid-South, went to Action Vans’ place of business in an attempt to collect the amount owed to Mid-South. A deal was worked out during this meeting.
Boat Mart needed a van for business purposes. Action Vans sold a 1986 van to Boat Mart for $19,910.88 and applied as a down payment the $7,969 owed to Mid-South for fiberglass tops. Boat Mart received a bill of sale from Action Vans reflecting this transaction and the balance owed. Mid-South agreed to provide Action Vans with additional van tops worth a total of $11,941.88. Boat Mart agreed to pay Mid-South for the van tops shipped to Action Vans. Boat Mart filed the complaint in this present action, wherein it alleged that Mid-South had shipped materials worth $11,941.88 to Action Vans and, consequently, Boat Mart was entitled to receive a negotiable title certificate for the van from Action Vans.
In its first issue, Boat Mart contends that the trial court erred in awarding money damages on Action Vans’ counterclaim because no money damages were requested in said counterclaim.
From our review of the record, we find that during the hearing there was testimony presented, without objection, tending to show that some of the fiberglass tops delivered to Action Vans by Mid-South in payment for the van were defective. There was a discussion regarding the proposed issuance of a credit memo to Action Vans *161 by Mid-South for $4,740 for warranty claims for the defective tops.
The trial court may issue a judgment granting the relief which the evidence has demonstrated the party is entitled to, even if such relief was not requested in the pleadings. Martin v. Martin, 479 So.2d 51 (Ala.Civ.App.1985); Rules 15(b) and 54(c), Alabama Rules of Civil Procedure. This testimony regarding the defective tops and the proposed issuance of the credit memo for $4,740 was presented without objection. The issue of money damages due was tried without objection. Martin, 479 So.2d 51; Tidwell v. Tidwell, 379 So.2d 614 (Ala.Civ. App.1980). We find that the trial court did not err when it required Boat Mart to pay $4,740 to Action Vans prior to Action Vans’ issuing a good and negotiable title certificate for the van to Boat Mart, because the evidence demonstrated that such an amount was owed on the van Boat Mart had purchased from Action Vans.
In its four remaining issues Boat Mart, in essence, argues that the trial court committed reversible error because it treated Boat Mart and Mid-South as one and the same entity. Boat Mart argues that if Action Vans ever communicated to anyone concerning the warranty claims, it communicated with someone at Mid-South and, therefore, Boat Mart was not aware of any warranty claims. Boat Mart contends that it has satisfied its obligation by paying Mid-South for the van tops and, since the only dispute is between Action Vans and Mid-South, Action Vans should have joined Mid-South as a necessary party to this suit.
We find that Mid-South does not meet the definition for a necessary party under Rule 19 of the Alabama Rules of Civil Procedure. There is no question in this action that the trial court could accord complete relief among those who were already parties and that Boat Mart is not subject to a substantial risk of double liability. It is evident from the record that Boat Mart’s and Mid-South’s managements were inter-related. When Boat Mart agreed that its obligation to Action Vans was to be discharged by Mid-South, failure by Mid-South was chargeable back to Boat Mart.
When the trial court has heard the evidence, its determination is presumed correct and will not be disturbed on appeal unless so unsupported by the evidence as to be plainly and palpably wrong. Hill v. Raney Insurance Agency, 474 So.2d 738 (Ala.Civ.App.1985). From our review of the record, we find that the documents executed at the December 1985 meeting were an invoice and a bill of sale indicating that Action Vans had sold a 1986 van to Boat Mart, and the balance owed was set out. These documents make no mention of Mid-South, nor is there any indication that Action Vans ever relinquished any of its rights against Boat Mart for the unpaid consideration. The evidence presented at the hearing indicates that $4,740 of the balance is still unpaid. The trial court’s determination was supported by the evidence and is, therefore, due to be affirmed.
This case is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.