THOMAS, Judge.
 

 In 2005, Wendell Wells, doing business as Wells Construction (“Wells”), contracted to repair a house in Lowndes County owned by Thomas Hollinger, Jr., and Constance Hollinger (“the Hollingers”). On January 3, 2006, Wells sued the Hollingers alleging breach of contract and seeking a lien against the Hollingers’ real property located in Lowndes County. Although the complaint alleges that Wells is “entitled to enforce a lien against the real property of [the Hollingers] such as filed in Exhibit ‘A’...,” there is no Exhibit “A” attached to the complaint or contained in the record.
 

 On May 4, 2006, the Hollingers answered the complaint, alleging as an affirmative defense that the contract was unenforceable; they also counterclaimed, alleging that Wells had failed to complete the work in a good and workmanlike manner and that, as a proximate result, the Hollingers had incurred damages and had expended additional sums to have the repairs to the house completed.
 

 On May 9, 2007, the trial court, without a jury, heard ore tenus testimony, apparently only from Wells. The court entered a judgment on May 16, 2007, determining that “[Wells] shall recover a judgment against the [Hollingers] in the sum of $15,623.80 ... plus statutory interest of 6% from July 1, 2005 to the date of this Order plus the cost of this action.”
 

 On June 13, 2007, the Hollingers filed a postjudgment motion for a new trial alleging that the judgment was contrary to the law and the great weight of the evidence. That motion also alleged that they had obtained newly discovered evidence that would materially affect the outcome of the case. There was no affidavit or any documentary evidence attached to that motion.
 

 On June 28, 2007, the Hollingers amended them postjudgment motion. That amendment alleges that because Wells did not have a valid license as a homebuilder pursuant to Ala.Code 1975, § 34-14A-1 et seq. (“the home builder licensure statute”), he lacked standing to enforce the parties’ contract. Attached to the amended post-judgment motion was an affidavit from the executive director of the Home Builders Licensure Board stating in unequivocal terms that Wells did not hold and had not ever held a valid home builders’ license pursuant to the home builder licensure statute. The Hollingers’ amended post-judgment motion cites
 
 Hooks v. Pickens,
 
 940 So.2d 1029 (Ala.Civ.App.2006), in support of the proposition that Wells is statutorily barred from bringing an action to enforce the parties’ contract pursuant to AIa.Code.1975, § 34-14A-14.
 

 On July 3, 2007, the Hollingers submitted additional evidentiary materials in support of their postjudgment motion. That submission included another affidavit from the executive director of the Home Builders Licensure Board authenticating busi
 
 *218
 
 ness records showing that in 1999 the Lowndes County Commission had elected to make the homebuilder licensure statute applicable in Lowndes County and various notices to that effect published in and around Lowndes County at that time.
 

 On July 9, 2007, Wells filed a motion seeking to strike the Hollingers’ amended postjudgment motion and the affidavits and other evidence submitted in support of that motion as untimely filed. The trial court held a hearing on the postjudgment motion and the motion to strike. The trial court did not rule upon Wells’s motion to strike. The postjudgment motion was denied by operation of law. The Hollingers timely appealed.
 

 At the July 11, 2007, hearing on the Hollingers’ postjudgment motion, the Hol-lingers argued, as they do on appeal, that Wells lacked standing and was not entitled to bring or maintain an action because he was statutorily barred from filing the action.
 
 See
 
 § 34-14A-14. The Hollingers specifically cited
 
 Hooks v. Pickens,
 
 supra. According to the transcript of the hearing on the postjudgment motion, the Holling-ers also cited
 
 State v. Property at 2018 Rainbow Drive,
 
 740 So.2d 1025 (Ala.1999), in support of the proposition that Wells lacked standing, that the trial court had not been invested with subject-matter jurisdiction, and that the judgment was, therefore, void; the Hollingers also provided the court with a copy of the opinion in
 
 State v. Property at 2018 Rainbow Drive,
 
 supra. The Hollingers’ arguments on appeal are the same as their arguments at the hearing on the postjudgment motion.
 

 At the hearing on the postjudgment motion, Wells argued that the amended post-judgment motion and the affidavits and other evidence submitted in support of that motion were untimely filed and should be stricken. On appeal, Wells argues that the amended postjudgment motion, the affidavits, and the other evidentiary submissions were untimely and that the Holling-ers failed to show that the homebuilder licensure statute was applicable to Wells.
 

 Regarding Wells’s ai’gument that the amended postjudgment motion, the affidavits, and the evidentiary submissions were untimely, we note that “the trial court has discretion to allow an amendment to a motion for new trial to state an additional ground after thirty days from the final judgment, if the original motion was timely filed
 
 and is still before the couri
 
 when the amendment is offered.”
 
 Alabama Farm Bureau Mut Cas. Ins. Co. v. Boswell,
 
 430 So.2d 426, 428 (Ala.1983);
 
 see also Barnes v. George,
 
 569 So.2d 382, 384 (Ala.1990); and
 
 Slaton v. Slaton,
 
 542 So.2d 1242, 1244 (Ala.Civ.App.1989).
 

 Regardless, the issue of standing implicates a court’s subject-matter jurisdiction and is a jurisdictional prerequisite to every case that can be raised at any stage of the proceedings.
 
 State v. Property at 2018 Rainbow Drive,
 
 740 So.2d at 1028. The Alabama Supreme Court has stated:
 

 “When a party without standing purports to commence an action, the trial court acquires no subject-matter jurisdiction.
 
 Barshop v. Medina County Underground Water Conservation District,
 
 925 S.W.2d 618, 626 (Tex.1996) (‘Standing is a necessary component of subject matter jurisdiction’). See also
 
 Raines v. Byrd,,
 
 521 U.S. 811, 117 S.Ct. 2312, 138 L.Ed.2d 849 (1997);
 
 Lewis v. Casey,
 
 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996);
 
 United States v. Hays,
 
 515 U.S. 737, 742, 115 S.Ct. 2431, 132 L.Ed.2d 635 (1995) (“‘standing ‘is perhaps the most important of [the jurisdictional] doctrines’ ” ’);
 
 National Organization for Women, Inc. v. Scheidler,
 
 510 U.S. 249, 255, 114 S.Ct. 798, 127 L.Ed.2d 99 (1994) (‘Standing represents a jurisdictional requirement which re
 
 *219
 
 mains open to review at all stages of the litigation.’);
 
 Romer v. Board of County Comm’rs of the County of Pueblo,
 
 supra, 956 P.2d [566] at 585 [ (Colo.1998) ] (‘standing is a jurisdictional prerequisite to every case and may be raised at any stage of the proceedings’) (Martinez, J., dissenting).”
 

 State v. Property at 2018 Rainbow Drive,
 
 740 So.2d at 1028;
 
 see also McCurdy v. L.C. Props., L.L.C.,
 
 781 So.2d 991, 998 (Ala.Civ.App.2000) (stating that the issue of standing can be raised at any time and that “this court could even raise the issue
 
 ex mero motu
 
 ”).
 

 In
 
 State v. Property at 2018 Rainbow Drive,
 
 supra, the Alabama Supreme Court held that the City of Gadsden had not suffered an injury to a “legally protected right,” because the City “had no legal right to prosecute
 
 or to begin
 
 [a forfeiture] action” and because “the City was
 
 statutorily barred
 
 from commencing or prosecuting th[e] action.” 740 So.2d at 1028.
 

 In
 
 Hooks v. Pickens,
 
 supra, this Court reversed the trial court’s judgment in favor of an unlicensed home builder and remanded the case. In that case, Jimmie Lucile Hooks entered into a contract with Theodore Pickens, doing business as Pick-ens Home Repair (“Pickens”), to complete remodeling work. Hooks became dissatisfied with the remodeling work and refused to pay Pickens.
 

 Pickens sued Hooks alleging breach of contract and seeking damages for labor, materials, and interest. Hooks counterclaimed, seeking damages for completion of the work to her satisfaction. Hooks filed a motion for a summary judgment “arguing that Pickens, who was not licensed by the Home Builders Licensure Board, had no standing to sue alleging breach of contract.
 
 See
 
 Ala.Code 1975, § 34-14A-14; see
 
 generally
 
 Ala.Code 1975, § 84-14A-1 et seq.” 940 So.2d at 1030. The trial court denied Hooks’s motion for a summary judgment, tried the case, and entered a judgment in favor of Pickens.
 

 This Court, determining the meaning of the home builder licensure statute and the legislative intent in enacting the statute, stated:
 

 “The legislature expressed its intent in enacting the home builders licensure statute in § 34-14A-1, which reads, in part, as follows:
 

 “ ‘In the interest of the public health, safety, welfare, and consumer protection and to regulate the home building and private dwelling construction industry, the purpose of this chapter, and the intent of the Legislature in passing it, is to provide for the licensure of those persons who engage in home building and private dwelling construction, including remodeling, and to provide home building standards in the State of Alabama .... Home builders may pose significant harm to the public when unqualified, incompetent, or dishonest home building contractors and remodelers provide inadequate, unsafe or inferior building services.... ’
 

 “Thus, the purpose behind the licensing requirements of the home builders licensure statute is the protection of the public from ‘unqualified, incompetent or dishonest home building contractors and remodelers.’ In furtherance of the protection of the public, the legislature made engaging in the home-building business without a license a Class A misdemeanor. § 34-14A-14. In addition, and in recognition of the ‘well-established rule that if the purpose of a licensing statute is the regulation of the business licensed and not merely the collection of revenue, a person not licensed cannot enforce a contract for ser
 
 *220
 
 vices rendered within the scope of the regulated business,’
 
 Tucker v. Walker,
 
 293 Ala. 589, 592, 308 So.2d 245, 247 (1975), the legislature made it impossible for an unlicensed home builder to maintain an action to enforce any provision of a contract for home-building services. § 34-14A-15.”
 

 Hooks v. Pickens,
 
 940 So.2d at 1031-32. This Court reversed the trial court’s judgment and remanded the action, stating: “Because Pickens was not licensed and was not exempt from the licensing requirement of the home builders licensure statute, Pickens was not entitled to maintain a breach-of-contract action against Hooks. § 34-14A-14.”
 
 Id.
 
 at 1033.
 

 Here Wells was undisputedly an unlicensed contractor according to the affidavits and other evidence submitted by the Hollingers. Wells argues on appeal that the Hollingers have failed to show that the home builder licensure statute applied to him and that the Hollingers failed to establish that the building upon which Wells performed repairs was a “residence” or “structure” within the meaning of Ala. Code 1975, § 34-14A-2(9) and (11). Section 34-14A-2(9), Ala.Code 1975, defines a “residence” as “[a] single unit providing complete independent residential living facilities for one or more persons, including permanent provisions for living, sleeping, eating, cooking, and sanitation.” Section 34-14A-2(ll), Ala.Code 1975, defines a “structure” as “[a] residence, including a site-built home, a condominium, a duplex or multi-unit residential building consisting of not more than four residential units.”
 

 In his testimony, Wells agreed that he performed work upon “the residence,” including work performed upon the back porch, and he testified that the Hollingers were “trying to get the house fixed up to sell it.” Also, Wells argues that the Hol-lingers failed to show that he was a “residential home builder” within the meaning of Ala.Code 1975, § 34-14A-2(10). Wells testified that the contract amount was originally $12,300, that additional work was discussed, and that the contract amount was ultimately $33,000. The cost of the work Wells performed upon the Hollingers’ residence exceeded the $10,000 requirement in Ala.Code 1975, § 34-14A-2(10). Also, although Wells argues that roofing is not covered under § 34-14A-2(10), the statute specifically provides that a residential home builder is
 

 “[o]ne ... who, for a fixed price, commission, fee, or wage, undertakes or offers to undertake ... the repair, improvement, or reimprovement [of a residence or structure] ... when the cost of the undertaking exceeds ten thousand dollars ($10,000). ... Anyone who engages or offers to engage in such undertaking in this state shall be deemed to have engaged in the business of residential home building.”
 

 Id.
 

 It is clear from Wells’s testimony that he was repairing or improving the Holling-ers’ residence; those repairs or improvements included extensive roofing work, re-pats to the back porch, replacement of metal in the eaves, and replacement of crown molding. It is undisputed that Wells never had the requisite license pursuant to the homebuilder licensure statute. Therefore, he is statutorily barred from bringing or maintaining a breach-of-contract action. § 34-14A-14;
 
 Fausnight v. Perkins,
 
 994 So.2d 912, 921 (Ala.2008) (stating that “in the statutory framework before us[, 34-14A-1 et seq.], ... an unlicensed homebuilder [is] unable to use Alabama courts to enforce its contracts related to residential home building ....”);
 
 Hooks v. Pickens,
 
 940 So.2d at 1033 (holding that “[b]ecause Pickens was not licensed and was not exempt from the li
 
 *221
 
 censing requirement of the home builders licensure statute, Pickens was not entitled to maintain a breach-of-contraet action against Hooks. § 34-14A-14.”).
 

 This Court has recently stated:
 

 “ ‘Without subject-matter jurisdiction, any judgment entered in the action is void, ... and “[a] void judgment -will not support an appeal.”
 
 Moore v. John Hancock Life Ins. Co.,
 
 876 So.2d 443, 448 (Ala.2003).’
 
 Eagerton v. Second Econ. Dev. Coop. Disk of Lowndes County,
 
 909 So.2d 783, 788 (Ala.2005). The judgment of the circuit court is therefore void, and will not support this appeal. We therefore, dismiss this appeal.”
 

 Alabama Dep’t of Envtl. Mgmt. v. Legal Envtl. Assistance Found., Inc.,
 
 973 So.2d 369, 380 (Ala.Civ.App.2007). Because the trial court lacked subject-matter jurisdiction, its judgment is void and will not support this appeal.
 

 APPEAL DISMISSED.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.