On Application for Rehearing
 

 BRYAN, Judge.
 

 This court’s opinion of October 3, 2008, is withdrawn, and the following is substituted therefor.
 

 Robert L. Milloy appeals from the trial court’s denial of his motion to set aside a default judgment entered in favor of H.H. Woods and Woods
 
 &
 
 Sons Construction (collectively “Woods”). We reverse and remand.
 

 
 *50
 
 On June 21, 2004, Woods sued Milloy, alleging breach of contract. Woods attached to the complaint a copy of a contract between Woods and Milloy in which Woods agreed to perform improvements and repairs to a house belonging to Milloy. That contract called for Woods to remove and replace plasterboard in several rooms, remove and replace fixtures in two bathrooms, repair parts of the floor, and “res-tick, redeck and reshingle” at least a portion of the roof. The contract, executed in June 2002, called for Milloy to pay Woods $45,000 for the improvements and repairs to be made to the house. Woods also attached to the complaint an undated proposal indicating that Woods had made additional improvements and repairs to the house in the amount of $3,500; that proposal was not signed by Milloy. The complaint alleged that Woods had completed work on the house in August 2002. The complaint sought compensatory damages in the amount of $13,500 and attorney fees in the amount of $2,500.
 

 On January 4, 2005, Milloy served interrogatories, requests for production, and requests for admission on Woods. One of the requests for admission stated: “Please admit that [Woods] does not hold a license from the Home Builders Licensure Board.” Woods did not respond to the discovery requests. On April 7, 2005, Mil-loy filed a motion to compel discovery and a motion requesting that the matters addressed in the requests for admission be deemed admitted. On April 14, 2005, the trial court granted Milloy’s motion to compel discovery, and it granted the motion to have the matters addressed in the requests for admission be deemed admitted. The trial court ordered Woods to respond to discovery within 30 days of its order. Woods, however, never responded to the discovery requests. On May 23, 2005, Mil-loy filed a Rule 12(b)(6), Ala. R. Civ. P., motion to dismiss.
 

 On June 26, 2006, Woods moved for a default judgment, and the trial-court clerk subsequently entered a default against Milloy. On September 12, 2006, the trial court entered a default judgment against Milloy in the amount of $16,000.
 

 On November 21, 2007, Milloy filed a Rule 60(b), Ala. R. Civ. P., motion seeking relief from the default judgment on various grounds. In that motion, Milloy asserted, pursuant to Rule 60(b)(4), that he was entitled to relief from the default judgment on the ground that that judgment was void. Milloy asserted that the default judgment was void because, Milloy said, Woods was an unlicensed home builder and, therefore, was statutorily barred from suing Milloy. Milloy attached to his motion the affidavit of J.R. Carden, Jr., the executive director of the Alabama Home Builders Licensure Board (“the Board”). In his affidavit, Carden testified that “H.H. Woods” and “Woods & Sons Construction” had never been licensees of the Board. Carden testified that the Board had first issued “Herbert Hill Woods” a license in June 2005 and that the application for that license had listed “Woods & Sons Construction” as a trade name. Following a hearing, the trial court denied Milloy’s Rule 60(b) motion. Milloy timely appealed to this court.
 

 On appeal, Milloy first argues, as he did in his Rule 60(b)(4) motion, that the default judgment entered against him is void because, he says, Woods lacked standing to maintain a breach-of-contract claim.
 

 “[Ujnder Alabama law, a judgment is ‘void’ within the scope of [Rule 60(b)(4) ] ‘only if the court rendering it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process.’
 
 Smith v. Clark,
 
 468 So.2d 138, 141 (Ala.1985). Although a trial court’s ruling on a mo
 
 *51
 
 tion filed pursuant to Rule 60(b) will generally be reversed only upon a showing of an abuse of discretion, a motion attacking the underlying judgment as void is subject to a different standard of review: ‘If the judgment is void, it is to be set aside; if it is valid, it must stand.’
 
 Id.”
 

 Williams v. Williams,
 
 910 So.2d 1284, 1286 (Ala.Civ.App.2005). “As a nullity, a void judgment has no effect and is subject to attack at any time. ... [A] motion for relief from a void judgment is not governed by the reasonable-time requirement of Rule 60(b).”
 
 Ex parte Full Circle Distribution, L.L.C.,
 
 883 So.2d 638, 643 (Ala.2003).
 

 At the time Woods sued Milloy in 2004, § 34-14A-14, AUuCode 1975, provided, in pertinent part:
 

 “A residential home builder, who does not have the license required, may not bring or maintain any action to enforce the provisions of any contract for residential home building which he or she entered into in violation of this chapter [Title 34, Chapter 14A, ‘Home Building and Home Improvement Industries,’ Ala.Code 1975, §§ 34-14A-1 through 34-14A-18].”
 
 [1]
 

 Section 34-14A-5(a), Ala.Code 1975, provides that “[ajll residential home builders shall be required to be licensed by the Home Builders Licensure Board annually.” In pertinent part, § 34-14A-2(10), Ala. Code 1975, defines a “residential home builder” as
 

 “[o]ne ... who, for a fixed price, commission, fee, or wage, undertakes or offers to undertake ... the repair, improvement, or reimprovement [of a residence or structure] ... when the cost of the undertaking exceeds ten thousand dollars ($10,000). ... Anyone who engages or offers to engage in such undertaking in this state shall be deemed to have engaged in the business of residential home building.”
 

 The contract between Woods and Milloy indicated that Woods agreed in June 2002 to repair and make improvements to Milloy’s house and that the cost of those repairs and improvements exceeded $10,000. That contract called for Woods to remove and replace plasterboard in several rooms, to remove and replace fixtures, to repair parts of the floor, and to make improvements to the roof. Woods’s June 2004 complaint alleged that Woods completed work on Milloy’s house in August 2002. The affidavit of Carden, the executive director of the Board, established that Woods was unlicensed as a residential home builder before June 2005. Further, because Woods failed to respond to Milloy’s requests for admission, the matters addressed in those requests were deemed admitted. Rule 36(a), Ala. R. Civ. P. One of Milloy’s requests for admission stated: “Please admit that [Woods] does not hold a license from the Home Builders Licensure Board.”
 

 The record on appeal indicates that Woods was an unlicensed residential home builder when he contracted to perform work on Milloy’s house. None of the exemptions found in § 34-14A-6, Ala.Code 1975, appear to apply in this case. Therefore, Woods was statutorily barred from maintaining a breach-of-contract action against Milloy. § 34-14A-14;
 
 Hollinger v. Wells,
 
 3 So.3d 216 (Ala.Civ.App.2008) (concluding that an unlicensed home builder who had contracted to repair a house was statutorily barred from maintaining a
 
 *52
 
 breach-of-contract claim on that contract);
 
 Hooks v. Pickens,
 
 940 So.2d 1029, 1033 (Ala.Civ.App.2006) (stating that “[bjecause Pickens was not licensed and was not exempt from the licensing requirement of the home builders licensure statute, Pickens was not entitled to maintain a breach-of-contract action against Hooks. § 34-14A-14”); and
 
 Fausnight v. Perkins,
 
 994 So.2d 912, 921 (Ala.2008) (noting that “in the statutory framework before us[, § 34-14A-1 et seq.], ... an unlicensed home-builder [is] unable to use Alabama courts to enforce its contracts related to residential home building .... ”).
 

 “When a party without standing purports to commence an action, the trial court acquires no subject-matter jurisdiction.”
 
 State v. Property at 2018 Rainbow Drive,
 
 740 So.2d 1025, 1028 (Ala.1999). “The absence of subject-matter jurisdiction renders void any judgment entered in the action.”
 
 Moore v. John Hancock Life Ins. Co.,
 
 876 So.2d 443, 448 (Ala.2003). Because Woods lacked standing to maintain the breach-of-contract claim against Mil-loy, the trial court lacked subject-matter jurisdiction in this action. The default judgment entered in favor of Woods is void, and the trial court, therefore, erred in failing to set aside the default judgment pursuant to Milloy’s Rule 60(b)(4) motion. Accordingly, we reverse the judgment, and we remand the case for proceedings consistent with this opinion. This holding pretermits discussion of the other arguments made by Milloy for setting aside the default judgment, i.e., that Milloy’s Rule 12(b)(6) motion tolled the time for filing an answer and that Milloy was not given proper notice of the hearing on the application for a default judgment, pursuant to Rule 55(b)(2), Ala. R. Civ. P.
 

 Woods’s request for an award of attorney fees on appeal is denied.
 

 OPINION OF OCTOBER 3, 2008, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION FOR REHEARING OVERRULED; REVERSED AND REMANDED.
 

 THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.
 

 [1]
 

 . In 2006, the legislature amended § 34-14A-14 to substitute the word ‘‘shall” for "may” in the above-quoted portion of § 34-14A-14.